DeCRANE, Appellee,

v.

CITY OF WESTLAKE, Appellant.

[Cite as *DeCrane v. Westlake* (1995), 103 Ohio App.3d 481.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67293.

Decided June 12, 1995.

*George Glavinos,* for appellee.

*Richard G. Lillie,* for appellant.

---

DAVID T. MATIA, Judge.

Defendant-appellant, the city of Westlake, appeals a decision of the Cuyahoga County Court of Common Pleas that held (1) that all employees in the city's Division of Fire may be entitled to unused sick time accrued with any other political subdivision or agency of the state and (2) that plaintiff-appellee, James DeCrane, is entitled to receive compensation for fifty percent of his unused sick time up to the maximum provided by the parties' collective bargaining agreement should he retire.

## I. STATEMENT OF FACTS

Since May 1985, plaintiff-appellee, James DeCrane, has been employed with the Division of Fire of defendant-appellant, the city of Westlake, Ohio. Prior to this time, appellee had been employed with the Department of Fire of the city of Fairview Park, Ohio. Appellee had accrued 3,783.76 hours of sick leave while with the city of Fairview Park.

On December 30, 1991, appellee made a demand upon appellant's Director of Finance to acknowledge his right under Article XIX of their collective bargaining agreement to fifty percent of his accumulated sick leave should he retire. The pertinent portion of Article XIX states:

"Upon the * * * retirement of the employee * * * and the employee has completed ten (10) years of service, such employee or the employee's estate shall be entitled to receive a cash payment equal to his basic rate of pay at the time of the above-listed condition multiplied by fifty (50%) percent of the total number of accumulated unused sick hours earned by the employee as certified by the Auditor, providing that such resulting numbers of hours to be paid shall not exceed seven hundred fifty (750) hours."

On January 2, 1992, appellant, through then Director of Law, William Blackie, informed appellee he would not be entitled to payment for his accumulated sick time. Appellant reasoned that the term "service" as used in Article XIX refers to service with the city of Westlake and does not include fire fighting service in another municipality. This interpretation stemmed from appellant's application of the term "service" as used in various related articles in the collective bargaining agreement and Section 167.04 of the Codified Ordinances of the City of Westlake, which was specifically incorporated into this portion of their agreement and provides in part:

"Each employee of the City with ten (10) or more years of service *with the City* shall receive payment based on the employee's rate of pay, upon termination of employment with the City, * * * or retirement, for one-half (½) of the employee's accrued, but unused sick leave, based upon a maximum accrual of fifteen hundred (1,500) hours." (Emphasis added.)

There is no dispute that appellee had sought this determination through the first three steps of the grievance procedure set forth in the parties' collective bargaining agreement. However, instead of appealing to arbitration as prescribed in Step IV of the grievance procedure, appellee filed a complaint for declaratory relief with the court of common pleas on May 12, 1992.

Appellee argued that Article VIII of the agreement provides the employee with the authority to seek remedies outside the agreement and in no way limits the rights of the employee to pursue any other remedy by law. Additionally, appellee argued that R.C. 124.39(B), which concerns payment for unused sick leave upon retirement, refers to service as that with the state, any political subdivision, or combination thereof. Finally, appellee argued that the Westlake Codified Ordinance 167.04 credits an employee who transfers from any other public agency of the government to the city of Westlake with the portion of his or her accumulated sick leave up to the maximum permitted by city ordinance.

On April 20, 1994, the trial court found in favor of appellee and ordered (1) that all employees in the Division of Fire with transferred and unused sick leave be entitled to receipt of the unused sick time with proper credit being given for time within any other political subdivision or agency of the state and (2) that appellee receive compensation for fifty percent of his unused sick leave up to the maximum provided under Article XIX of the collective bargaining agreement between the parties. On May, 16, 1994, appellant timely filed this appeal.

## II. FIRST AND SECOND ASSIGNMENTS OF ERROR

As defendant-appellant Westlake's first and second assignments of error contain interrelated issues of law and fact, we will consider them concurrently:

"I. The trial court erred in finding for appellee[ ] where the court lacked subject matter jurisdiction to hear the dispute.

"II. The trial court erred in finding for appellee[ ] where the matter was conclusively resolved through the grievance procedure."

## A. ISSUE RAISED: WHETHER THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION OVER APPELLEE'S COMPLAINT

Westlake argues that since the collective bargaining agreement was entered into pursuant to R.C. Chapter 4117 and the issue necessarily involves the interpretation of the agreement's use of the word "service" under Article XIX, the trial court lacked jurisdiction to resolve the dispute. Specifically, appellant argues, the parties agreed to a grievance procedure which allowed for final and binding arbitration on matters. Since appellee exercised the grievance procedure up through the first three steps, appellee is bound to carry out the fourth step, *i.e.*, arbitration. Appellant argues that failure to timely file an appeal to arbitration pursuant to their agreement has in effect waived appellee's claim.

Appellant's first and second assignments of error are well taken.

## B. THE APPLICABLE STANDARDS EMPLOYED IN REVIEWING A DISPUTE ARISING OUT OF A COLLECTIVE BARGAINING AGREEMENT UNDER R.C. CHAPTER 4117

Initially, we note that R.C. Chapter 4117 reshapes the law governing the relationship between public employers and employees. *Local 4501, Communications Workers of Am. v. Ohio State Univ.* (1986), 24 Ohio St.3d 191, 24 OBR 420, 494 N.E.2d 1082. Currently, R.C. Chapter 4117 establishes a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87.

While R.C. Chapter 4117 provides the State Employment Relations Board (SERB) with exclusive jurisdiction over certain issues, R.C. 4117.10(A) permits the employer and employee, through the employee's exclusive representative, to commit to final and binding arbitration of grievances through a collective bargaining agreement:

"An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance

procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were subject of a final and binding grievance procedure." See, also, R.C. 4117.08.

It is well established the provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting law except those specifically exempted by R.C. 4117.10(A). *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 576 N.E.2d 745.

Therefore, as this court stated in *State ex rel. Sporar v. Mayfield Hts.* (Aug. 10, 1990), Cuyahoga App. No. 57179, unreported, 1990 WL 118325, our determination should first focus on whether the collective bargaining agreement clearly addresses the controverted issue. If so, it is necessary to determine whether R.C. 4117.10(A) requires that any contrary provision of the Revised Code or local laws defer to the collective bargaining agreement. If the issue is not one excepted from the preeminence given to the collective bargaining agreements by R.C. 4117.10(A), the agreement is controlling despite any legislation to the contrary. See, also, *Mayfield Hts. Fire Fighters Assn., Local 1500, I.A.F.F. v. DeJohn* (1993), 87 Ohio App.3d 358, 622 N.E.2d 380.

## C.  THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE APPELLEE'S COMPLAINT

In the case *sub judice,* the parties entered into a collective bargaining agreement under R.C. Chapter 4117 which specifically addressed the issue of payment of unused accumulated sick time upon retirement. However, while the issue is encompassed within the parties' agreement, there may be a dispute as to whether the payment of unused accumulated sick time upon retirement constitutes "forms of compensation," in which case the agreement would prevail over conflicting state or local law, or whether the dispute encompasses "laws pertaining to the retirement of public employees," in which case state or local law would prevail over conflicting provisions of the agreement.

However, the resolution of this apparent dispute does not affect the central issue of this case. We find that our determination rests not with the interpretation of the collective bargaining agreement pertaining to payment for unused sick time upon retirement, but rather on the jurisdictional authority of the trial court to entertain appellee's complaint.

As previously stated, the parties, under R.C. Chapter 4117, entered into a collective bargaining agreement which provided a four-step grievance procedure, Article VIII. Plaintiff-appellee, James DeCrane, admits seeking a resolution of his dispute through the first three steps. Appellee received the mayor's written

decision concerning his dispute on January 2, 1992. However, instead of appealing the grievance to arbitration within ten days of the mayor's written decision as stated in step four of the grievance procedure, appellee filed a complaint for declaratory relief on May 12, 1992. Appellee relied upon paragraph "g" of Article VIII:

"The existence of the Grievance Procedure, hereby established, shall not be deemed to require any employee to pursue the remedies herein provided and shall not impair or limit the right of an employee to pursue any other remedies at law, except that any employee who pursues any other available remedy other than provided by this procedure shall automatically have waived and forfeited any remedy provided by this procedure."

For the following reasons, we find that the trial court lacked subject matter jurisdiction over the dispute. First, we find that the interpretation of this clause provides two options available to employees when seeking dispute resolution. An employee may employ the grievance procedure and then, pursuant to R.C. Chapter 2711, seek access to the trial court. In the alternative, an employee may seek resolution of his or her dispute by bypassing the grievance procedure and seeking resolution through SERB. See *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87; R.C. Chapter 4117.

Second, while the clause provides options for resolving a dispute, we do not find that this clause empowers an employee who chooses to proceed under the grievance procedure set forth in the parties' collective bargaining agreement to abandon the grievance process midstream for another independent method of dispute resolution.

In *Gallant v. Toledo Pub. Schools* (1992), 84 Ohio App.3d 378, 616 N.E.2d 1156, an elementary school teacher brought her age discrimination claim under R.C. 4112.05, the statute authorizing administrative appeals. After her claim was reviewed and dismissed by the Ohio Civil Rights Commission, she was afforded an opportunity to petition for judicial review within thirty days pursuant to R.C. 4112.06. However, instead of making such an appeal, she filed a new claim five months later in the court of common pleas.

We agree with the Lucas County Appellate Court in holding that "[t]his abandonment of one process in favor of another is not warranted." *Id.* at 383, 616 N.E.2d at 1159. While the collective bargaining agreement creates various independent methods of resolving the parties' dispute, appellee was bound to follow through with the grievance procedure once that method was employed. Appellee cannot switch to another method which was bypassed at the onset.

Since appellee failed to appeal Westlake's decision to arbitration within the ten-day limit as prescribed in the collective bargaining agreement, the city's ruling must be enforced, as appellee has waived his right to final and binding arbitration. For the foregoing reasons, the trial court lacked jurisdiction to rule on appellee's grievance.

Defendant-appellant's first and second assignments of error are well taken.

### III. THIRD ASSIGNMENT OF ERROR

Appellant's third assignment of error states:

"The trial court erred in finding for appellee[ ] where agreements do not provide the benefits claimed."

Due to our disposition of Westlake's first two assignments of error, we find the third assignment of error has been rendered moot. See App.R. 12(A)(1)(c).

We reverse the judgment of the common pleas court and enter judgment for Westlake.

*Judgment reversed.*

SPELLACY, P.J., and KARPINSKI, J., concur.