OPINION
Appellant, Kenneth A. Maurer, was employed as a mechanic for Stark Area Regional Transit Authority (hereinafter "SARTA"). The parties were subject to a collective bargaining agreement (hereinafter "agreement") between SARTA and Ohio Council 8 of the AFSCME, AFL-CIO, Local 1880.
On February 9, 1998, appellant filed a complaint against appellees, SARTA's Board of Trustees and Executive Director, Sharon Eslich, for violations of the collective bargaining agreement. On March 10, 1998, appellees filed an answer and motion to dismiss arguing appellant had failed to exhaust the grievance procedures under the agreement.
On April 19, 1998, appellant filed an amended complaint with leave of court. By judgment entry filed April 22, 1998, the trial court granted appellees' motion to dismiss.
On May 7, 1998, appellant filed a motion for new trial. By judgment entry filed May 19, 1998, the trial court denied said motion.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 IT WAS AN ERROR, UNREASONABLE, AND CONTRARY TO LAW, THAT THE TRIAL COURT WOULD DISMISS THE PLAINTIFF'S LAWSUIT BASED UPON THE DEFENDANT'S FALSE INFORMATION, THAT WAS PROVEN FALSE, TO THE COURT, PRIOR TO THE RENDERING OF THE JUDGMENT DISMISSING THE PLAINTIFF'S COMPLAINT.
II
 IT WAS AN ERROR, UNREASONABLE, AND CONTRARY TO FEDERAL LAW, THAT THE TRIAL COURT DID DISMISS, THE PLAINTIFF'S LAWSUIT, MERELY ON THE POSSIBILITY, THAT OHIO LAW WOULD WISH TO EASE IT'S COURT DOCKETS, BY ELIMINATING VIABLE AND LEGAL LAWSUITS, PLACED BEFORE THEIR JUDGES, IN DIRECT VIOLATION OF FEDERAL LAWS, AS SET FORTH IN THE LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959.
III
 IT WAS AN ERROR, UNREASONABLE, AND HIGHLY PREJUDICIAL TO THE PLAINTIFF, THAT THE COURT WOULD ACCEPT AS TRUE, THE ARGUMENT PROFFERED, BY THE DEFENSE, ON PAGE FIVE (5) OF THEIR "STATEMENT OF FACTS" IN REGARDS TO O.R.C. 4117.08(C). WHEREAS THE LAST PARAGRAPH, REGARDING MANAGEMENT RIGHT'S IS DELETED.
IV
 IT WAS AN ERROR, UNREASONABLE, AND PREJUDICIAL TO THE PLAINTIFF THAT THE TRIAL COURT, DISMISS THE COMPLAINT AGAINST S.A.R.T.A. BASED UPON THE DEFENDANT'S PURPORTED PROOF THAT THE PLAINTIFF SHOULD HAVE EXHAUSTED THE INTERNAL PROCEDURE, AS PROVIDED IN THE AGREEMENT (CONTRACT), AS PROVIDED IN ARTICLE (16).
V
 IT WAS AN ERROR, UNREASONABLE, AND PREJUDICIAL TO THE PLAINTIFF THAT THE TRIAL COURT, DISMISS THE COMPLAINT AGAINST S.A.R.T.A. BASED UPON THE DEFENDANT'S PURPORTED PROOF THAT THE PLAINTIFF SHOULD HAVE EXHAUSTED THE INTERNAL PROCEDURE, AS PROVIDED IN THE AGREEMENT (CONTRACT), AS PROVIDED IN ARTICLE (16).
VI
 IT WAS AN ERROR, UNREASONABLE, AND PREJUDICIAL TO THE PLAINTIFF THAT THE TRIAL COURT, DISMISS THE COMPLAINT AGAINST S.A.R.T.A. BASED UPON THE PLAINTIFF'S FAILURE TO EXHAUST THE INTERNAL PROCEEDURES (SIC) ESTABLISHED IN THE AGREEMENT, PRIOR TO ENACTING HIS LAWSUIT, WHEREAS, THE U.S. SUPREME COURT HAS RULED OPPOSITE OF THAT OPINION.
At the outset, we note appellant's notice of appeal was filed fifty-eight days after the trial court's dismissal of the complaint in violation of App.R. 4(A). However, appellant filed a motion for new trial which tolled the time for the filing of the notice of appeal. Even though an actual trial was not held, "the indicia of trial" substantially predominated in the trial court's proceedings. First Bank of Marietta v. Mascrete, Inc. (1997),79 Ohio St.3d 503, paragraph two of the syllabus; See also, N.Royalton Edn. Assn. v. N. Royalton Bd. of Edn. (1974),41 Ohio App.2d 209. Therefore, the notice of appeal was timely filed.
 I, II, III, IV, V, VI
Appellants six assignments of error challenge the trial court's dismissal of his complaint pursuant to Civ.R. 12(B)(6). Appellant argues the trial court erred in finding the grievance procedures of Article 15, Section 1 of the agreement was binding on his contract of employment and in denying his motion for new trial. We disagree.
It is undisputed appellant is no longer a member of the bargaining unit however, he was a member at the time of the alleged violations and at the time of the filing of the original complaint. Appellant resigned from the bargaining unit prior to filing his amended complaint.
In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. of HumanResources (1995), 106 Ohio App.3d 88. We need not defer to the trial court's decision. The Rich court at 91 further discussed when a Civ.R. 12(B)(6) motion may be granted:
 In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * * In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. (Citations omitted.)
Appellant sought damages for the termination of the guaranteed normal work week as defined in Article 39, Section 1 of the agreement. While appellant failed to attach the agreement to his original complaint, appellant did attach the agreement to his amended complaint. Article 16 of said agreement provides for a "Grievance/Arbitration Procedure." Section 1 defines a "grievance" as "a dispute or difference between the Employer and the Union, or between the Employer and an employee, concerning the interpretation and/or application of and/or compliance with any provision of this Agreement." Section 3 provides for a four step grievance procedure culminating in binding arbitration under Step Four (C) which states as follows:
 C. All decisions of arbitrators consistent with Step Four of the Grievance Procedure, and all pre-arbitration settlement agreements reached by the Union and the Employer shall be final, conclusive and binding upon Employer, the Union and the employees. Provided, that a grievance may be withdrawn by the Union at any time during the Grievance Procedure and the withdrawal of any grievance shall not be prejudicial to the position taken by parties as they relate to that, or any other grievance.
Under Article I, Section 2, employees are defined as "all employees in the bargaining unit." At the time of the alleged violations (changes in work week), appellant was a member of the bargaining unit. As a member, appellant was obligated to fulfill the conditions of the agreement by resorting to the four step grievance procedure. Under Ohio law, complainants must exhaust any administrative remedies provided under a collective bargaining agreement before invoking the jurisdiction of the common pleas court. DeCrane v. City of Westlake (1995), 103 Ohio App.3d 481;Mayfield Heights Fire Fighters v. DeJohn (1993),87 Ohio App.3d 358.
Appellant argues because he resigned from the bargaining unit, he is entitled to pursue his own remedies despite the provisions of the agreement. We disagree with this argument. Appellant cannot complain of violations under the agreement and then divest himself of the grievance procedures therein that clearly controlled his employment at the time of the alleged violations. Upon review, we find no error in the trial court's decision to dismiss the complaint pursuant to Civ.R. 12(B)(6).
In his motion for new trial, appellant argued his complaint should not have been dismissed because appellant attached a copy of the agreement to his amended complaint and the trial court had jurisdiction pursuant to R.C. 4117.09(A) and (B). Appellant argued he should have been granted a new trial pursuant to Civ.R. 59(A)(1)(2)(6)(7) and (9) which state as follows:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
The granting of a new trial lies in the trial court's sound discretion. Rhode v. Farmer (1970), 23 Ohio St.2d 82. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Upon review, we find no evidence to meet the provisions of Civ.R. 59(A). The trial court did not err in denying appellant's motion for new trial.
Assignments of Error I, II, III, IV, V and VI are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. and Gwin, J. concur.
Hoffman, J. dissents.