OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES, AFSCME
LOCAL 4/AFL–CIO, OAPSE LOCAL # 719 et al., Appellants,

v.

WESTERVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *Ohio Assn. of Public School Emp. v. Westerville City
School Dist. Bd. of Edn.* (1999), 135 Ohio App.3d 703.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–468.

Decided Dec. 7, 1999.

*George R. Rice,* for appellants.

*Bricker & Eckler L.L.P., James P. Burnes* and *Laura G. Anthony,* for appellee.

LAZARUS, Presiding Judge.

Plaintiffs-appellants, Ohio Association of Public School Employees, Local No. 719 ("OAPSE"), and Paul Mash, appeal from the April 1, 1999 *nunc pro tunc* decision and entry of the Franklin County Court of Common Pleas dismissing their complaint for lack of subject matter jurisdiction. For the reasons that follow, we reverse.

On March 2, 1998, appellants filed a complaint seeking damages for breach of contract and a declaratory judgment in the trial court. The complaint alleged that defendant-appellee, Westerville City School District Board of Education, had breached the parties' collective bargaining agreement by not offering school bus driver Paul Mash the opportunity to drive a school bus for a field trip. The complaint alleged that as a result of appellee's failure to offer the field trip to Mash, Mash lost approximately $91.80 in wages he would have earned had he driven the trip. The complaint also sought a judgment declaring that Article 11.05(C) of the parties' collective bargaining agreement requires appellee to award available field trips to the bus drivers by means of a rotating seniority list and prohibits appellee from using a substitute bus driver to drive a field trip unless it has first exhausted all reasonable means of notifying the bus drivers on the list of the availability of the field trip.

On May 1, 1998, appellee filed its answer setting forth a number of affirmative defenses: failure to state a claim upon which relief can be granted, failure to exhaust administrative remedies (the grievance procedure outlined in the collective bargaining agreement), and filing in an improper forum (common pleas court) in an attempt to avoid the grievance procedure.

On June 19, 1998, appellee filed a motion to dismiss with an attached affidavit and exhibits. Appellee moved for dismissal on the grounds that appellants had withdrawn their grievance *with prejudice* at the nonbinding arbitration stage of the grievance procedure. Appellee argued that the withdrawal with prejudice operated as an adjudication on the merits similar to a voluntary dismissal with

prejudice pursuant to Civ.R. 41(A)(1) and thereby barred the action in the trial court.

On July 9, 1998, appellants filed a memorandum opposing the motion to dismiss, arguing that they had no legal duty to submit to advisory (nonbinding) arbitration prior to filing their action in the common pleas court. Appellants further argued that Civ.R. 41 was inapplicable to the instant case, as their decision to withdraw the grievance at that stage was a dismissal of an administrative remedy, not a civil action as contemplated by the rule.

On March 5, 1999, the trial court raised the issue of subject matter jurisdiction *sua sponte* and denied appellee's motion to dismiss, finding that it lacked subject matter jurisdiction. On April 2, 1999, the trial court filed a *nunc pro tunc* entry granting appellee's motion to dismiss on the grounds that the trial court lacked subject matter jurisdiction. In its entry, the trial court stated:

"[T]he essence of the Board's affirmative defenses are that because the Union has failed to follow the grievance procedure outlined in the collective bargaining agreement and exhaust the administrative remedies available to them, the filing of the instant Complaint is improper. This Court agrees. Although lack of subject-matter jurisdiction was not explicitly argued in the Board's motion for summary judgment, it may be raised, sua sponte, by the court at any stage of the proceedings. While the collective bargaining agreement states that grievances may be brought before the Personnel Review Board or sent to arbitration, there is nothing in the agreement which explicitly confers jurisdiction on the court of common pleas."

It is from this entry that appellants appeal, assigning as error the following:

"The common pleas [court] erred by issuing a *nunc pro tunc* entry granting appellee's motion to dismiss for want of jurisdiction."

■ Appellants acknowledge that they did not submit the grievance to nonbinding arbitration, but argue that their failure to do so did not deprive the trial court of subject matter jurisdiction. We agree.

While this court is aware of a line of cases holding that failure to exhaust administrative remedies acts as a jurisdictional bar to an action in common pleas court, see, *e.g.*, *DeCrane v. Westlake* (1995), 103 Ohio App.3d 481, 659 N.E.2d 885; *Fraternal Order of Police v. Springdale* (Feb. 5, 1997), Hamilton App. No. C–960151, unreported, 1997 WL 44372, we distinguish those cases because of the specific language contained in the parties' collective bargaining agreement here.

In *DeCrane*, the collective bargaining agreement contained the following provision:

"The existence of the Grievance Procedure, hereby established, shall not be deemed to require any employee to pursue the remedies herein provided and shall not impair or limit the right of an employee to pursue any other remedies at law, except that any employee who pursues any other available remedy other than provided by this procedure shall automatically have waived and forfeited any remedy provided by this procedure." *Id.* at 486, 659 N.E.2d at 888.

In construing this language, the Cuyahoga County Court of Appeals held that under this clause, an employee could proceed through the grievance procedure and then seek access to the trial court. Or, in the alternative, the employee could bypass the grievance procedure and seek resolution through the State Employment Relations Board. What the employee could not do was "abandon the grievance procedure midstream for another independent method of dispute resolution." *Id.*

In the instant case, however, the parties' collective bargaining agreement specifically contemplates an employee filing a grievance and also pursuing an available legal remedy prior to exhaustion of the grievance procedure. Article 6, Section 6.02(E) provides as follows:

"The existence of this Grievance Procedure shall not be deemed to require any unit member to pursue the remedies herein provided and shall not impair or limit the right of any unit member to pursue any other remedy available under law, except that in the event the unit member submits a grievance *and also pursues any other remedy* available under law, the employee shall be deemed to have elected such other remedy and shall be foreclosed from any *further action* on such grievance under this Grievance Procedure unless so ordered by a court of competent jurisdiction. An appeal may be filed with the Personnel Board of Review during the grievance process to allow the Union to satisfy the appeal period of Section 124.34 of the O.R.C." (Emphasis added.)

Thus, while the language at issue in *DeCrane* did not contemplate a grievance and other remedial action at the same time, here the language of the parties' collective bargaining agreement not only contemplates such a procedure, but provides that once an employee pursues an alternative remedy, further action on the grievance ends. Accordingly, failure to submit the grievance to advisory (nonbinding) arbitration does not divest the trial court of subject matter jurisdiction.

■ Furthermore, because the arbitration provision in the collective bargaining agreement is nonbinding, appellants are not required to exhaust the grievance procedure prior to bringing an action in the court of common pleas. Step four of the grievance procedure in the parties' collective bargaining agreement provides that "the arbitrator award shall be advisory." Unless the collective

bargaining agreement provides otherwise, employees are not required to pursue advisory arbitration prior to seeking a judicial determination of rights. See *Blair v. Milford Exempted Village School Dist. Bd. of Edn.* (1989), 62 Ohio App.3d 424, 435, 575 N.E.2d 1190, 1197.

■ Nor do we find merit in appellee's argument that dismissal with prejudice of their grievance at the nonbinding arbitration step somehow bars appellants from bringing an action in the common pleas court. Contradicting its earlier argument that appellants must exhaust the grievance procedure, appellee now argues that if a dismissing party does not wish to foreclose its opportunity to pursue its claim in another forum, it should designate its withdrawal as "without prejudice." Appellee claims that, if appellants are permitted to pursue their claim in common pleas court after withdrawing their grievance with prejudice, there would, in effect, be no prejudice to appellants. We disagree.

■ Whether appellants designate their withdrawal from the nonbinding arbitration process as with prejudice or without prejudice, any arbitration award is advisory only and, therefore, nonprejudicial. Rather than being a bar to judicial determination, advisory arbitration "dictates that judicial determination is required as a matter of law if the parties seek to have their disputes *settled*." (Emphasis *sic.*) *Combs v. Stark Cty. Area Joint Vocational School Dist. Bd. of Edn.* (Aug. 13, 1985), Stark App. No. CA–6612, unreported, 1985 WL 6077. In sum, given that an arbitrator's decision on the merits is not binding on the parties in a subsequent proceeding, we do not see how voluntary dismissal with prejudice would result in a different outcome.

Based on the foregoing, appellants' assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and BOWMAN, JJ., concur.