GALLANT, Appellant,

v.

TOLEDO PUBLIC SCHOOLS et al., Appellees.

[Cite as *Gallant v. Toledo Pub. Schools* (1992), 84 Ohio App.3d 378.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–079.

Decided Dec. 18, 1992.

*Terry Lodge,* for appellant.

*Frank Pizza, Theodore Rowen* and *Cheryl Wolff,* for appellees.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas. On February 7, 1992, the trial court granted summary judgment against appellant, Patricia M. Gallant. Gallant had sought recovery for damages allegedly arising out of the nonrenewal of her teaching contract with the Toledo Public Schools.

Gallant has raised the following two assignments of error:

"1. A promissory estoppel claim should lie where there are written and extensive standards of performance and supervision which must occur as conditions precedent to renewal of a year-to-year teaching contract."

"2. Summary judgment does not lie in an age discrimination claim where prima facie elements are shown."

We find that the well-reasoned decision of the Honorable Judith Ann Lanzinger is dispositive of the assignments of error raised by Gallant. For that reason, the

decision is adopted as our own. See Appendix. Accordingly, the first and second assignments of error are found not well taken.

*Judgment affirmed.*

GLASSER, P.J., HANDWORK and SHERCK, JJ., concur.

## APPENDIX

JUDITH ANN LANZINGER, Judge.

### I

This employment case is before the court on two separate motions. A motion for summary judgment was filed by defendants Toledo Public Schools, Toledo Board of Education, and Ruth Scott. A "motion for judgment on the pleadings or, in the alternative for summary judgment" was filed by defendants Toledo Federation of Teachers, Dal Lawrence, and Gail Seyfang. On January 3, 1992 plaintiff Patricia M. Gallant filed a notice of dismissal against defendants Gail Seyfang and Dal Lawrence in their individual and personal capacities.[1] Gallant also filed a brief opposing both motions.

After thorough review of the record evidence and materials submitted under Civ.R. 56(C), the court grants defendants' motions for summary judgment.

### II

Patricia Gallant was employed by the Toledo Board of Education ("the board") as a substitute teacher in September 1986.[2] In late fall she became a substitute assigned to the Old West End Junior High School. She was reassigned to a long-term substitute position in the fourth grade at Fulton Elementary School in February 1987 and to the fifth grade in April 1987. Gallant taught second grade at Gunckel School for 1987–1988 while in the Toledo Public Schools intern program, which she entered upon becoming a long-term substitute. Gail Seyfang, a teacher with fifteen years of experience, was her consulting teacher in this program of peer review. Gail Seyfang, based on her observations in Gallant's classroom over the school year, recommended that Gallant not be reappointed as a teacher for 1988–1989. Gallant appealed in writing to the Intern Board of Review, which affirmed Seyfang's recommendation unanimously. The board

---

1. Although one brief refers to a dismissal of Ruth Scott individually, as of yet the record does not reflect that plaintiff has dismissed this particular defendant.

2. Although Gallant had taught in elementary schools between 1963 and 1977 she had resigned and moved out of state, not to be reemployed as a classroom teacher until rehired by the Board in 1986. At the time she was considered a new teacher.

decided not to reemploy plaintiff at the end of her one-year probationary contract and notified her of the decision April 27, 1988. Gallant was fifty-nine years old at the time. The board hired another teacher for second grade at Gunckel School who was also fifty-nine. Six other interns were also not renewed; four of them were under forty years old.

Gallant filed a claim of age discrimination with the Ohio Civil Rights Commission ("OCRC") on August 16, 1988. The OCRC ruled May 18, 1989 that it was not probable that plaintiff was discriminated against because of her age. Upon reconsideration, the OCRC affirmed the determination of no probable cause. Gallant did not appeal that decision or file any additional charge with the State Employment Relations Board ("SERB"). She filed this lawsuit against the named defendants instead, alleging age discrimination, violation of the Ohio Constitution, breach of contract, and violation of her union's duty of fair representation. Her complaint, originally filed on March 2, 1990, was voluntarily dismissed and then refiled on April 26, 1991.

Defendants Toledo Public Schools, Toledo Board of Education and Ruth Scott (collectively "defendants TPS") argue that they should be granted judgment as a matter of law for a number of reasons: plaintiff failed to exhaust administrative remedies; plaintiff cannot establish a *prima facie* case of age discrimination; plaintiff's contract claim and claim of breach of duty of fair representation are within the jurisdiction of SERB rather than common pleas court; plaintiff's promissory estoppel claim does not apply to a written one-year limited teaching contract; and plaintiff's constitutional claims must fail because this is a case of contract nonrenewal rather than contract termination. Defendant Toledo Federation of Teachers ("TFT") joins in the argument that the common pleas court lacks jurisdiction over plaintiff's claim that it breached a duty of fair representation.

Gallant, in her combined brief in opposition, maintains there are disputed facts in the interpretation of law which prevent summary judgment in this matter. The various arguments must be discussed separately.

## III

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

█ Patricia Gallant relies on R.C. 4112.99 [3] to bring her age discrimination claim. Although she admits she did not appeal the OCRC's dismissal of her case

---

**3.** R.C. 4112.99 provides:
"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

under R.C. 4112.06, she argues that such an appeal is not mandated before she may bring a separate suit. The recent case of *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056, can be used to argue that R.C. 4112.99 creates an independent right of action apart from the administrative OCRC process. In *Elek* the Supreme Court of Ohio held that a plaintiff could properly bring an independent civil action for alleged discrimination on the basis of physical disability. Although a remedy exists under R.C. 4112.99, the question remains whether Gallant can switch her horses midstream.

Neither party has found any case addressing this particular issue. Under Ohio law, Gallant had several procedural options available to her to obtain redress. She could have originally begun a civil action in common pleas court under R.C. 4101.17(B). If she had done so, that same statute would have prevented her from filing an OCRC charge later. Alternatively, Gallant could have filed a common pleas suit under R.C. 4112.02(N) within one hundred eighty days from her non-renewal notice by her employer. Once again, use of that statute precludes an OCRC charge afterwards.

Instead of calling upon the remedies just discussed, Gallant initially chose to proceed under R.C. 4112.05, the statute authorizing administrative appeal. She presented her claims to the OCRC, which investigated, and after reconsideration, affirmed dismissal of her case for lack of probable cause. At that point she had thirty days from the October 9, 1989 final OCRC order dismissing her charge to appeal to this court under R.C. 4112.06. *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 563 N.E.2d 285. In event of an appeal, this court would have examined the OCRC's decision to see if it was unlawful, irrational or arbitrary and capricious. See *McCrea v. Ohio Civ. Rights Comm.* (1984), 20 Ohio App.3d 314, 20 OBR 416, 486 N.E.2d 143.

Gallant did not appeal within thirty days. Instead, five months later, she filed this new case in common pleas court under R.C. 4112.99. This abandonment of one process in favor of another is not warranted. Ohio statutes prevent a claimant from beginning an administrative action if a civil lawsuit is first filed. R.C. 4101.17(B) and 4112.02(N). If that claimant first chooses administrative action, she should also be prevented from later switching to a lawsuit which had been available to her but which was bypassed at the outset.

Even if this case could properly be entertained, however, Gallant's claim would fail since she has not proved a prima facie claim of age discrimination.

## AGE DISCRIMINATION CLAIM

The most recent pronouncement on what a plaintiff must show in order to present an age discrimination case to the jury is as follows:

"Absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4101.17 in an employment discharge action, a plaintiff-employee must demonstrate (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class." *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus.

Direct evidence of age discrimination does not exist in this case. Plaintiff argues that Gail Seyfang's admitted remark that she had an intern old enough to be her mother is direct evidence of age discrimination. The court cannot agree. It is insufficient to create a genuine issue of fact, for the statement in and of itself is not negative. It does not, even viewed in a light most favorable to Gallant, indicate any intent to take action against plaintiff based upon her age. Without direct evidence, the four-part test established by *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, as modified by *Kohmescher*, applies. Gallant, under that test, has not presented a prima facie claim of age discrimination. She does not dispute that the new teacher replacing her belonged to the protected class (*i.e.*, over age forty).

Furthermore, defendants TPS have set forth clearly nondiscriminatory reasons for Gallant's nonrenewal. The record shows that Seyfang recorded at least nine observations of Gallant's classroom over the school year. Detailed criticisms and suggestions for improvement were made. Gallant was the only individual not recommended for reemployment by Seyfang, although Seyfang was a consulting teacher to six interns over age forty in the last three years. The TPS defendants also showed that four of the six other teachers whose limited contracts were not renewed were also under forty years of age. Gallant simply has not presented evidence which suggests that her age had anything to do with the fact she was not reemployed. Reasonable minds could only conclude that age was not a factor in the nonrenewal of her teaching contract. As a matter of law, defendants are entitled to summary judgment.

## SUBJECT MATTER JURISDICTION

Gallant claims that because TFT appointees are part of the Toledo Plan the union had an inherent conflict with its role as her collective bargaining agent. Plaintiff also argues that R.C. 4117.09(D) (which states that a union's participation in a teacher peer review plan within a collective bargaining agreement does not constitute an unfair labor practice) does not bar her claim since it became effective two years after her nonrenewal and cannot be retroactively applied to her.

Any claims of breach of duty of fair representation under R.C. 4117.11(B)(6),[4] however, are to be heard by the State Employment Relations Board ("SERB"). *Gunn v. Bd. of Edn. of Euclid City School Dist.* (1988), 51 Ohio App.3d 41, 554 N.E.2d 130. Most recently, the Supreme Court of Ohio clarified that SERB has exclusive jurisdiction over these matters. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87. This court is without subject matter jurisdiction over rights claimed under R.C. Chapter 4117 and the collective bargaining agreement.

## BREACH OF CONTRACT CLAIM

The Toledo Board of Education and TFT have had a series of collective bargaining agreements. The agreement in effect from February 1, 1985 through January 31, 1988, mutually extended through June 15, 1988, provided within Article XVIII:

"Evaluation of First and Second Year Teachers, Four–Year Contract Teachers, and Other Certified Personnel

"A1. All first and second year teachers are considered to be members of the bargaining unit.

"2. Revised standards and criteria shall be published by the Board free of charge in booklet form to each member of the bargaining unit.

"'Supervision, Evaluation, Goal–Setting' is the evaluation standard for the Board. Subsequent changes must be mutually agreed by the Federation and the Board.

" * * *

"F. The intern-intervention program shall be continued subject to cancellation in its entirety by either the Board or the Federation."

If the Toledo Plan, as referenced, is considered part of the collective bargaining agreement, then, once again, this court is without subject matter jurisdiction to consider Gallant's claims. All of her allegations with respect to her treatment as an intern stem from her interpretation of the Toledo Plan or rights under the

---

4. R.C. 4117.11(B)(6) provides in relevant part:

"It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:

" * * *

"(6) Fail to represent all public employees in a bargaining unit[.]"

Further, R.C. 4117.12(A) provides:

"Whoever violates Section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board as specified by this section."

collective bargaining agreement. *Franklin Cty. Law Enforcement Assn., supra,* makes clear these are matters for SERB:

"If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." *Id.,* 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph two of the syllabus.

■ Finally, Gallant was aware of the requirement that a grievance must be submitted on TFT forms but also admitted she never formally made a grievance demand on the TFT after notice of nonrenewal. Failure to exhaust contractual remedies provides another reason for this court not to exercise jurisdiction. It is well settled that a plaintiff must first exhaust grievance procedures available in a collective bargaining agreement before entering state court. *Ladd v. New York Cent. RR. Co.* (1960), 170 Ohio St. 491, 500, 11 O.O.2d 245, 249, 166 N.E.2d 231, 237.

## PROMISSORY ESTOPPEL

■ On the promissory estoppel claim, once again plaintiff relies upon the Toledo Plan, claiming certain representations made by management and the union to probationary interns were not fulfilled with respect to her treatment as an intern. The promissory estoppel claim must fall, however, because Gallant was employed under a written limited one-year contract. She acknowledged she had a one-year contract. Promissory estoppel does not apply in these circumstances. See *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. Furthermore, she has in no way shown detrimental reliance.

## CONSTITUTIONAL CLAIMS

Gallant alleges constitutional violations of Sections 1, 2 and 16, Article I, Ohio Constitution. Section 1 guarantees the rights of "acquiring, possessing and protecting property." Section 2 guarantees citizens of the state of Ohio "equal protection of the law" and Section 16 guarantees "due course of law."

■ Plaintiff has presented no evidence that she had a property right in employment with the TPS defendants beyond her one-year limited contract. Gallant admits she knew what the Toledo Plan said. She knew the progression of contracts which the Board offered. The intern year: one-year limited contract; second probationary year: one-year limited contract; next four years: four-year limited contract; later years: continuing contract (tenure) if service and education requirements are met, four-year limited contract if not.

Gallant has not shown anything to indicate she was denied equal protection of the law and since there was no unjustifiable standard or arbitrary classification applied to her, this claim must fail. *State v. Steurer* (1973), 37 Ohio App.2d 51, 66 O.O.2d 89, 306 N.E.2d 425.

With respect to due process, although Gallant argues that she had a right to a pretermination hearing, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, Ohio law before amendment of R.C. 3319.11 in 1989 did not require a hearing before nonrenewal of a limited contract. She was notified of her nonrenewal and had the opportunity to present her letter to the board before it made its final decision. A nontenured teacher employed under a limited contract has no property right to continue employment. *Bd. of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. Therefore, her situation differs from the *Loudermill* case, involving civil service employees who had continued expectation of employment. Here, defendants followed the procedural requirements for nonrenewal set forth in the collective bargaining agreement and in the Toledo Plan. They were not required to do more.

In summary, when all record evidence is viewed in a light most favorable to Gallant, there are no material issues of fact and defendants are entitled to judgment as a matter of law on all counts of the complaint. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

It is ordered that the motion for summary judgment filed by defendants Toledo Public Schools, Toledo Board of Education and Ruth Scott is granted; it is further ordered that the motion for summary judgment filed by defendants Toledo Federation of Teachers, Dal Lawrence and Gail Seyfang is granted. Judgment is entered in favor of defendants and against plaintiff Patricia M. Gallant on all counts of the complaint.

The parties are ordered to bear their own costs.

*So ordered.*