**BOURQUIN, Appellant,**

v.

**KEYBANK, N.A., et al., Appellees.**

[Cite as *Bourquin v. KeyBank, N.A.* (2000), 138 Ohio App.3d 435.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–99–1242.

Decided June 30, 2000.

*Thomas A. Sobecki,* for appellant.

*Janine T. Avila* and *Anthony E. Turley,* for appellees.

SHERCK, Judge.

This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas to an employer in an employment discrimination suit. Because we conclude that the employee's state claims were not barred by an election of remedies, we reverse.

In 1996, appellant, Tom Bourquin, a six-year employee of appellee KeyBank, N.A.,[1] began to perceive what he characterized as a continuing pattern of harassment visited upon him by his supervisor. Appellant claimed that this conduct created a hostile work environment and interfered with his job. Appellant believed that the reason for this unfair treatment was his race (he is white) and/or his disability (he is obese).

On November 26, 1990, after two written warnings and a three-day suspension from his job, appellant filed race and disability discrimination charges with the United States Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). Five months later, he added a charge of retaliatory discrimination. The EEOC issued a "right to sue" notice for all three claims in October 1997. The notice required that appellant institute suit within ninety days.

On January 16, 1998, appellant brought suit in the Lucas County Court of Common Pleas, alleging race, disability, and retaliatory discrimination under both federal and state law. The suit was voluntarily dismissed on January 14, 1999, but refiled the following day. Appellee moved for summary judgment asserting, *inter alia*, that appellant's federal claims were barred as untimely commenced and that his state claims could not be maintained because he elected his remedy when he previously initiated his action with the OCRC. The trial court agreed with appellee's arguments and awarded appellee summary judgment.

From this judgment, appellant now appeals, setting forth a single assignment of error:

"The trial court committed substantial, prejudicial, and reversible error in granting appellees' motion for summary judgment on the basis that appellant, prior to the filing of his lawsuit under ORC 4112.99, filed essentially the same allegations with the Ohio Civil Rights Commission under ORC 4112.05."

On review, appellate courts employ the same standard for summary judgment as do trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d

---

1. Appellees also include KeyBank employees, former KeyBank employees Jack A. Null, Nancy Terry, and Gary A. Tichenor, all of whom are appellant's former supervisors. For purposes of this decision, however, we shall refer to these together as a single appellee.

127, 129, 572 N.E.2d 198, 199–200. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

■ Appellant does not contest the trial court's ruling that his federal claims are barred. The only issue on appeal is whether, as a matter of law, a plaintiff pursuing a race or disability discrimination claim is forced to elect to seek remedies administratively or at law.

The trial court relied on *Gallant v. Toledo Pub. Schools* (1992), 84 Ohio App.3d 378, 616 N.E.2d 1156, in which we held that an individual who brought an age discrimination claim before the OCRC could not bring an independent age discrimination suit once the OCRC claim was dismissed for want of probable cause. However, as appellant points out, *Gallant* was an interpretation of R.C. 4112.02(N), which deals solely with age discrimination; it is the only section of the statute that specifically mandates an election of remedies. Moreover, according to appellant, the vast majority of authority is that for nonage discrimination claims there is no election of remedies. See *Larkins v. G.D. Searle & Co.* (1991), 68 Ohio App.3d 746, 749–751, 589 N.E.2d 488, 490–491; *Griswold v. Fresenius USA, Inc.* (N.D.Ohio 1997), 964 F.Supp. 1166, 1169; *Kramer v. Windsor Park Nursing Home, Inc.* (S.D.Ohio 1996), 943 F.Supp. 844, 856; *Hedrick v. Honeywell, Inc.* (S.D.Ohio 1992), 796 F.Supp. 293, 297–298.

Appellee attempts to distinguish these cases, noting that *Larkins* was a sex discrimination case, not a race or handicap discrimination claim. The remaining federal cases, appellee states, are simply not controlling. The proper decision, according to appellee, appears in *Hultberg v. Ohio Edison Co.* (1996), 116 Ohio App.3d 130, 687 N.E.2d 12, which applied the *Gallant* holding to both sex discrimination and disability discrimination claims.

In our view, *Hultberg*'s reliance on *Gallant* was misplaced. The result of *Gallant* was premised on the language of R.C. 4112.02(N), which demands that in an age discrimination case a claimant must elect to pursue either an administrative remedy or a remedy at law. We believe that *Hultberg* improperly extended the required election to sex and handicap discrimination claims.

■ A basic tenet of statutory interpretation is contained in the Latin *expressio unius est exclusio alterius:* when the language of a statute includes a specific thing, the exclusion of others is implied. Here, R.C. 4112.02(N) sets up an

election of remedies for age discrimination and no other category of claim. Applying the maxim of construction, this would clearly negate an election of remedies for other discrimination categories discussed in the chapter, including race and disability.

Consequently, we choose to follow *Larkins* and the well-reasoned federal cases cited in this matter. Accordingly, appellant's sole assignment of error is found well taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.

█ Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, when an Ohio court of appeals finds its decision in conflict with the decision of another Ohio court of appeals, it must certify its decision and the record in the matter to the Supreme Court of Ohio for resolution of the conflict. See *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 596, 613 N.E.2d 1032, 1033–1034. In this matter, we find our decision to be in conflict with *Hultberg v. Ohio Edison Co.* (1996), 116 Ohio App.3d 130, 687 N.E.2d 12. Accordingly, we do so certify█

The issue presented is whether R.C. 4112.02 mandates an election of remedies for claimants pursing discrimination claims other than age discrimination claims.

*Judgment reversed.*

KNEPPER, P.J., concurs.

HANDWORK, J., dissents.

HANDWORK, Judge, dissenting.

I respectfully dissent. I believe that this court should follow the decision of the appellate court in *Hultberg v. Ohio Edison Co.* (1996), 116 Ohio App.3d 130, 687 N.E.2d 12. The *Hultberg* court affirmed the grant of summary judgment to the employer in a case in which the plaintiff filed a complaint in the trial court after receiving a no-probable-cause letter from the OCRC in regard to charges of handicap, sex and/or age discrimination. *Id.* at 133–134, 687 N.E.2d at 13–14. The *Hultberg* court stated that the abandonment of one process in favor of another process is not warranted. *Id.* at 134, 687 N.E.2d at 14. The discouragement of "forum shopping" between the OCRC and the judicial system, and the

resulting judicial economy, warrant the application of the decision reached in *Hultberg* to the facts of this case. Accordingly, I dissent.