John TALBOTT, Plaintiff,

v.

ANTHEM BLUE CROSS AND BLUE
SHIELD, Defendant.

No. C2–00–1192.

United States District Court,
S.D. Ohio,
Eastern Division.

May 15, 2001.

Daniel Henry Klos, Columbus, OH, for
John Talbott.

Lisa May Evans, Keith P. Spiller,
Thompson Hine & Flory LLP, Cincinnati,
OH, for Anthem Blue Cross and Blue
Shield.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss Count III of the Plaintiff's Complaint. (Doc. # 5). This is an employment discrimination case arising under the Court's federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331 and 1367. Although Plaintiff has raised nine claims for relief, the Defendant has moved to dismiss only Plaintiff's age discrimination claim brought under Ohio law, O.R.C. §§ 4112.02(N) and 4112.99. The Defendant argues that the Plaintiff's state law age discrimination claim is barred by Ohio's election of remedies doctrine. For the reasons that follow this Motion is **GRANTED**.

### I.

In Count III of his Complaint, the Plaintiff alleges that the Defendant discriminated against him on the basis of age in violation of Ohio Revised Code §§ 4112.02 and 4112.99. On July 10, 1998, prior to filing this action, and pursuant to O.R.C. § 4112.05, the Plaintiff filed a charge with the Ohio Civil Rights Commission ("OCRC"). The OCRC dismissed the Plaintiff's charge as untimely, referring the matter to the federal Equal Employment Opportunity Commission

("EEOC"). The Defendant moves to dismiss Count III of Plaintiff's Complaint arguing that because Plaintiff filed a charge with the OCRC pursuant to O.R.C. § 4112.05, Ohio's election of remedies doctrine bars Plaintiff from pursuing his action under either O.R.C. § 4112.02(N) or O.R.C. § 4112.99.

### II.

Ohio law provides protection against age discrimination in four statutory sections: (1) O.R.C. § 4112.14(B), which permits a civil action for violation of subsection (A) of that section; (2) O.R.C. § 4112.02(N), which permits a civil action to be brought against employers who violate subsections (A) or (B) of that section; (3) O.R.C. § 4112.05, which permits a complaint to be brought with the Ohio Civil Rights Commission for violations of O.R.C. §§ 4112.02 and 4112.021; and, (4) O.R.C. § 4112.99 which provides a civil action for any violation of Chapter 4112, including age discrimination. Each of the first three statutory remedies is expressly exclusive—the choice of one remedy precludes recourse to any of the other three remedies. *See* O.R.C. §§ 4112.14.(B), 4112.02(N) and 4112.08.[1] The fourth statutory remedy, O.R.C. § 4112.99, is not expressly exclu-

---

1. O.R.C. § 4112.14(B) provides in pertinent part as follows:

   The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

   O.R.C. § 4112.02(N) provides in pertinent part as follows:

   A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code, and from filing a charge with the Commission under section 4112.05 of the Revised Code.

   O.R.C. § 4112.08 provides in pertinent part as follows:

   any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.

sive or expressly subject to an election of remedies bar.[2]

▮▮▮ Applying these statutes to this case, the Plaintiff's age discrimination claim based on O.R.C. § 4112.02(N) is barred by the election of remedies doctrine.[3] *See, e.g., Pater v. Health Care Ret. Corp.*, 808 F.Supp. 573, 576 (S.D.Ohio 1992); *Gallant v. Toledo Pub. Schs.*, 84 Ohio App.3d 378, 383, 616 N.E.2d 1156 (Lucas, 1992). Consequently, the Defendant's Motion is **GRANTED** with respect to the Plaintiff's age discrimination claim to the extent that it is based on O.R.C. § 4112.02(N).

The main issue the Court must resolve is whether Plaintiff's age discrimination claim based on O.R.C. § 4112.99 is also barred by the election of remedies doctrine.[4] The Court concludes that the claim is barred.

▮▮▮ Because this Court has jurisdiction over the Plaintiff's state law age discrimination claims, it must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *See Northland Ins. Co. v. Guardsman Prods., Inc.*, 141 F.3d 612, 617 (6th Cir.1998). "If the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it. If the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*

The Supreme Court of Ohio has not yet ruled on the precise issue before this Court. Nonetheless, insight into the current issue is found in the Supreme Court of Ohio's interpretation of O.R.C. § 4112.99 in *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991). In *Elek*, the Supreme Court of Ohio held that O.R.C. § 4112.99 creates an independent cause of action for violations of Chapter 4112. *Id.* at syllabus ¶ 1. The *Elek* case was concerned with the more general question of whether O.R.C. § 4112.99 "merely recapitulates the specific civil remedies available under R.C. 4112.02(N) (age discrimination), R.C. 4112.021(D) (discrimination in affording credit) and R.C. 4112.051(A) (housing dis-

---

**2.** O.R.C. § 4112.99 provides:

> Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

**3.** Although there is an exception to the election of remedies doctrine that applies to plaintiffs who file a charge with either the EEOC or the OCRC in order to perfect their ADEA claims, that exception requires plaintiffs either to file their court actions first or else to expressly acknowledge in their charge that no investigation is requested because the charge is being filed to perfect their federal rights. *See Morris v. Kaiser Engs., Inc.*, 14 Ohio St.3d 45, 471 N.E.2d 471, syllabus ¶ 1 (1984)("a claimant who has previously filed an age discrimination action under 4101.17 is not barred from filing a claim with the Ohio Civil Rights Commission pursuant to O.R.C. 4112.05 in order to satisfy the mandatory prerequisite to an action under the federal Age Discrimination in Employment Act."); *Borowski v. State Chem. Mfg. Co.*, 97 Ohio App.3d 635, 642–43, 647 N.E.2d 230 (Ohio App.1994)(Plaintiff who informed OCRC in writing at the time charge was filed that he was electing a judicial remedy and was filing the charge solely to perfect his ADEA claim was not barred from pursuing state law age claim under 4112.) The Plaintiff meets neither of these exceptions and consequently his age discrimination claim based on O.R.C. § 4112.02(N) is barred.

**4.** The Court notes that the election of remedies provisions apply only to age discrimination claims and not to claims based on other forms of discrimination; consequently, the Defendant's argument affects only the Plaintiff's state law age discrimination claim. *See Bourquin v. KeyBank, N.A.*, 138 Ohio App.3d 435, 437–38, 741 N.E.2d 584 (2000).

crimination)," or whether the legislature had intended to provide a civil remedy for all other types of discrimination previously enumerated under Revised Code Chapter 4112 but enforceable only by filing a charge with the OCRC under O.R.C. § 4112.05. *Id.* at 136, 573 N.E.2d 1056. The Supreme Court had before it an action for discrimination on the basis of physical disability, a form of discrimination without provision for a civil remedy unless O.R.C. § 4112.99 were found to apply. The court concluded that: "Had the General Assembly meant to limit the availability of the civil action remedy to those instances in R.C. Chapter 4112 where it was already provided, it would have identified the sections to which R.C. 4112.99 applied. Instead its language applies to any form of discrimination addressed by R.C. Chapter 4112." *Elek,* at 136–137, 573 N.E.2d 1056. The Court concluded that the Plaintiff could bring an independent cause of action under O.R.C. § 4112.99. The Court also acknowledged that there would be instances where the general language of O.R.C. § 4112.99 would conflict with the other more specific provisions of Chapter 4112. The Court reasoned in *Elek,* that in those instances of conflict, "existing rules of statutory construction are available to address" the conflicts. 60 Ohio St.3d at 137, 573 N.E.2d 1056.

The Supreme Court of Ohio elaborated upon this reasoning in a later decision when it addressed the issue of whether an age discrimination claim brought under O.R.C. § 4112.99 (which contains no express statute of limitations) was barred because the Plaintiff did not file the claim within the one-hundred-eighty-day statute of limitations period set forth in O.R.C. § 4112.02(N). *See Bellian v. Bicron,* 69 Ohio St.3d 517, 634 N.E.2d 608 (1994). The Court concluded that the claim was barred. The plaintiff argued that age discrimination claims under O.R.C. § 4112.99

are independent of the express limitations period prescribed by O.R.C. § 4112.02(N) and are instead subject to the six-year statute of limitations set forth in O.R.C. § 2305.07. Applying the rule of statutory construction that a specific statutory provision prevails over a general statutory provisions, O.R.C. § 1.51, the *Bellian* Court concluded that the specific language of O.R.C. § 4112.02(N) controlled the general language of O.R.C. § 4112.99 and that the plaintiff's claim was time barred.

■ The *Bellian* reasoning is applicable to this case. As in *Bellian,* this case presents a conflict between the general provisions in O.R.C. § 4112.99 and the more specific provisions, O.R.C. §§ 4112.14(B), 4112.02(N), and 4112.08, which provide for an election of remedies for age discrimination cases. Applying the same rule of statutory construction, this Court concludes that the more specific provisions, O.R.C. §§ 4112.14(B), 4112.02(N), and 4112.08, which provide for an election of remedies must prevail over the general provision of O.R.C. § 4112.99. Consequently, the Court concludes that causes of action for age discrimination, brought under O.R.C. § 4112.99 and based on violations of Chapter 4112, are subject to the election of remedies provisions contained in the other more specific sections of Chapter 4112 that establish causes of action for age discrimination.

This conclusion finds support in Ohio case law as well. The overwhelming majority of Ohio appellate court cases to have addressed this issue have concluded that age discrimination claims brought under O.R.C. § 4112.99 are subject to the election of remedies doctrine. *See Balent v. Nat'l Revenue Corp.,* 93 Ohio App.3d 419, 638 N.E.2d 1064 (1994)(dismissing age discrimination claim brought under O.R.C. § 4112.99 based on the election of reme-

dies doctrine); *Schwartz v. Comcorp, Inc.,* 91 Ohio App.3d 639, 633 N.E.2d 551 (1993); *Gallant v. Toledo Pub. Schs.,* 84 Ohio App.3d 378, 383, 616 N.E.2d 1156 (Lucas, 1992); *Giambrone v. Spalding & Evenflo Co.* 79 Ohio App.3d 308, 607 N.E.2d 106 (1992); *Bellian v. Bicron Corp.,* 69 Ohio St.3d 517, 634 N.E.2d 608 (Geauga 1992), affirmed 69 Ohio St.3d 517, 634 N.E.2d 608; *see also Woods v. Vermilion Local Sch. Dist.,* No. 3:98CV7462, 1999 WL 652019 (N.D.Ohio, Aug.9, 1999); *West v. Iten Indus., Inc.,* No. 4:90–CV–1130, unreported, 1991 WL 537173 (N.D.Ohio, 1991). While Judge Spiegel of this Court previously held that the election of remedies doctrine does not apply to age discrimination claims O.R.C. § 4112.99, his decision preceded the *Bellian* decision and was based in part on the holdings of cases that were implicitly overruled by the *Bellian* decision. *See Pater v. Health Care & Ret. Corp.,* 808 F.Supp. 573 (S.D.Ohio 1992)(citing *McHenry v. Muskingum College Bd. of Regents,* No. C.T. 93–25, 1993 WL 564221 (Muskingum Ct.App. Dec. 30, 1993)(O.R.C. § 4122.99 is independent of other sections of Chapter 4112 for the purposes of determining the appropriate statute of limitations for age discrimination claims); *Hinderegger v. Dairy & Nutrition Council,* No. CA 9297, 1993 WL 500517 (Stark Ct.App. Nov. 15, 1993)(same); *Duvall v. Titan Equip. Corp.,* No. 62809, 1992 WL 146861 (Cuyahoga Ct.App. June 25, 1992)(same).)

Therefore, for all the reasons stated above, this Court **GRANTS** the Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**