[Cite as *Jenkins v. Northeastern Local Bd. of Education*, 2017-Ohio-5497.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK COUNTY

| | | |
|---|---|---|
| REGINA JENKINS | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-72 |
| | : | |
| v. | : | T.C. NO. 15CV-360 |
| | : | |
| NORTHEASTERN LOCAL BOARD | : | (Civil Appeal from |
| OF EDUCATION | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the ___23rd___ day of _____June_____, 2017.

. . . . . . . . . .

JAMES W. SKOGSTROM, Atty. Reg. No. 0012000, 2 W. Columbia Street, Suite 200, P. O. Box 1404, Springfield, Ohio 45501

and

BRIAN BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
     Attorneys for Plaintiff-Appellee

LISA M. BURLESON, Atty. Reg. No. 0073222, 1960 Beverly Road, Columbus, Ohio 43221
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of the Northeastern

Local Board of Education ("NLBE"), filed November 7, 2016.  NLBE's notice of appeal

provides:

> Now comes the Defendant, [NLBE], and hereby gives notice that it is appealing the Final Order & Judgment Entry by the trial court entered by said trial court on the 3rd day of November, 2016, and Entry denying the Defendant [NLBE's] motions for new trial, to stay judgment, and for relief from judgment entered by said trial court on the 30th day of September, 2016, to the Second District Court of Appeals.

On September 30, 2016 the trial court ordered NLBE to reinstate Regina Jenkins' former employment as a custodian, and on November 3, 2016 the court awarded damages to Jenkins in the amount of $58,215.35.[1]  We conclude that the trial court lacked jurisdiction over Jenkins' complaint, since she failed to perfect her appeal of NLBE's decision to terminate her.  The November 3, 2016 decision of the trial court is accordingly vacated.

{¶ 2} The lengthy procedural history herein is as follows.  On May 19, 2015, Jenkins filed a complaint against NLBE which provides that "[t]his is an original action brought by the Plaintiff appealing her termination pursuant to the requirements of a collective bargaining agreement ['CBA'] * * * existing between [NLBE] and the Northeastern Association of School Employees, the sole and exclusive bargaining representative for eligible persons employed by [NLBE]."  The complaint alleges that jurisdiction is based upon the CBA and R.C. 3319.081.  The complaint provides that

---

[1] We note that when the trial court overruled the motions for new trial, to stay judgment, and for relief from judgment on September 30, 2016, the court had not yet entered a final appealable order as contemplated by this Court's previous dismissal due to the trial court's failure to specify Jenkins' damages. Accordingly, at that time there was no judgment from which to seek relief.  Hence, we will only address the November 3, 2016 order.

Jenkins' employment was terminated on February 19, 2015, after 25 years of service, and that she exhausted her administrative remedies as set forth in the CBA. Further, the complaint provides that "[p]ursuant to the CBA and Section 3319.081 of the Ohio Revised Code, Plaintiff now appeals the Board's termination decision to this Court." According to the complaint, Jenkins' termination was in violation of the CBA, not supported by just cause, and not supported by sufficient evidence. The complaint provides that Jenkins "prays that the Court overrule the decision of the Defendant Board of Education, Order her reinstatement to her former employment at the same rate of pay received at the time of termination, award back pay" and attorney fees and costs.

{¶ 3} Attached to the complaint as Exhibit A is Article VII of the CBA, entitled "Employment Practices." Section F.2. provides the following progressive steps of reprimand: written, suspension with/without pay, and termination. Section F.5. provides: "APPEAL TO COMMON PLEAS COURT: It is expressly agreed that all suspensions and terminations actions may be appealed to the Clark County Court of Common Pleas." Also attached as Exhibit B is correspondence dated February 19, 2015, from the Treasurer of NLBE which provides: "The Northeastern Local Board of Education met in regular session on February 19, 2015, and voted to terminate your employment as custodian at Northridge School, effective February 20, 2015." Finally, attached as Exhibit C is correspondence dated May 12, 2015, from Jenkins' superintendent, which provides in part, "On Monday, May 11, 2015 a Level III grievance hearing was held pursuant to a grievance filed on your behalf by the NELASE." The correspondence concludes that "it is my decision to reject your grievance in its entirety."

{¶ 4} NLBE answered the complaint on June 23, 2015. On September 15, 2015,

a "Joint Stipulation" was filed, which provides in part that the parties' relationship is governed by the CBA, and that they have "fully complied with the process set forth in the CBA, and the matter is, therefore, ripe for determination by this Court."

{¶ 5} On September 23, 2015, "Plaintiff's Brief in Support of her Demand for Reinstatement and Back Wages" was filed. Therein, Jenkins asserted that her "employment was terminated * * * because she used the word 'bull****' " in front of students. Jenkins argued that the CBA "imposes a due process obligation on the employer as to how it conducts investigations and disciplinary proceedings. The contract further contains a 'just cause' requirement and a progressive discipline standard." She argued that the NLBE "relied upon past disciplinary matters which it was not contractually permitted to consider" in upholding her termination. Jenkins asserted that she committed a "minor infraction," and that just cause does not exist for her termination. Finally, Jenkins asserted that her termination "ended her service time credit with the School Employees Retirement System of Ohio," resulting in lost retirement income in the amount of $123,751.00.

{¶ 6} "Defendant's Reply Brief" was filed on October 13, 2015. NLBE asserted that Jenkins admitted to using profanity, and that her personnel file contained a written reprimand from December 4, 2012, and a ten day suspension without pay on November 25, 2013, for using profanity and being verbally abusive to employees. NLBE argued that the Association agreed that no contract violation occurred, and did not advance Jenkins' grievance. NLBE asserted that Jenkins then filed her complaint for wrongful termination. NLBE further argued that Jenkins was afforded due process, that it properly utilized disciplinary action against her, and that just cause existed for her termination.

**{¶ 7}** Attached to the Reply is correspondence from Jenkins' superintendent, to Jenkins, dated February 9, 2015, which provides that a disciplinary hearing was held on February 5, 2015, and that due to Jenkins' "documented behavior during this incident," prior disciplinary history, and the terms of progressive discipline set forth in the CBA, "a recommendation to terminate your employment will be placed on the Board agenda * * * for February 19th, 2015." Also attached is correspondence relating to Jenkins' prior reprimand and suspension, as well as Jenkins' April 29, 2015 "Grievance Form," which reflects that it was filed at "Level 3" and alleges that Jenkins was wrongfully terminated.

**{¶ 8}** Finally, attached to the Reply is a copy of Article III of the CBA, entitled "Grievance Procedure." Section B. 1. provides: "A 'grievance' shall mean a complaint by an employee * * * that there has been a misapplication or misinterpretation of one or more of the provisions of a contract, or that the employee * * * has been treated inequitably by an act or condition contrary to established school board policy, practice governing or affecting employees." Section D. of Article III sets forth the following grievance levels: "Level One (immediate supervisor)"; "Level Two (Formal-Immediate Supervisor)"; "Level Three (Formal-Superintendent)"; and "Mediation (Level Four)." Section 6 of Article III provides:

> In the event the Parties do not reach an agreement at Level Four of the grievance procedure, the decision of the Superintendent/Mediator will be reviewed by the Board. The Board Treasurer will notify the Association in writing of the disposition of the Board within fifteen (15) days from the date of receipt of the written disposition. If the Association does not agree with the disposition, the Association shall have a right to proceed to a court

of law as set forth in Article III- Mediation (LEVEL FOUR) of the grievance procedure.

**{¶ 9}** Jenkins replied on October 19, 2015. She argued that NLBE's assertion that the Association determined that no contract violation occurred during her termination and accordingly decided not to advance her grievance is "not supported by the record." Regarding NLBE's assertion that Jenkins filed a complaint for wrongful termination, Jenkins asserted that this is "entirely incorrect," and that as the "record submitted in conjunction with these briefs establishes, this action is the final step in a bargained for grievance process. It is in no way a wrongful termination lawsuit." Jenkins further asserted that "the presence of prior infractions does not mandate termination."

**{¶ 10}** On October 26, 2015, the trial court issued an entry that provides:

This case is before the Court on plaintiff's complaint for reinstatement of her job and back wages. Based on a review of plaintiff's complaint, joint stipulations and briefs, reply and response of the parties, the Court finds, adopting the reasoning as set [forth] in plaintiff's brief and response, that the termination is not supported by just cause. Accordingly, IT IS HEREBY ORDERED that plaintiff be re-instated FORTHWITH and awarded back pay and other benefits lost during the wrongful termination.

This is a final appealable order. There is no just cause for delay.

**{¶ 11}** On November 23, 2015, "Defendant's Motion for New Trial" was filed, requesting oral argument. NLBE asserted that it was entitled to a new trial based upon an irregularity in the trial court's October 26, 2015 entry, noting that the "procedure to be used on appeal of a decision by a local school district board of education to terminate a

custodian is provided by R.C. Chapter 2506," and that the trial court's entry "does not apply the legal framework set forth in R.C. Chapter 2506 for this Court's jurisdiction over Plaintiff's appeal." NLBE noted that Jenkins' complaint provides that she appealed to the trial court pursuant to the CBA and R.C. 3319.081. NLBE further asserted that the court's entry is contrary to law, since Jenkins had a duty to mitigate her damages, and "[n]othing in the [entry] in this case speaks to mitigation in any way." Also on November 23, 2015, NLBE filed a motion to stay the trial court's judgment.

{¶ 12} "Plaintiff's Reply to Defendant's Motion for New Trial" was filed on December 8, 2015. Jenkins asserted that her complaint was timely filed.

{¶ 13} On December 17, 2015, "Defendant's Motion to Vacate or in the Alternative for Relief from Judgment" was filed. NLBE also requested a hearing. NLBE asserted that the trial court's decision is voidable under common law, since "the Court's jurisdiction was improper because Plaintiff did not appropriately or timely appeal the Defendant's notice and order of termination in accordance with R.C. § 3319.08.1 or R.C. Chapter 2506." Alternatively, NLBE asserted that it was entitled to relief from judgment based on newly discovered evidence, namely Jenkins' 2014 menacing conviction recently discovered by NLBE. Also on December 17, 2015, "Defendant's Response to Plaintiff's Reply to Defendant's Motion for New Trial" was filed.

{¶ 14} On January 6, 2016, the trial court issued an Entry that provides: "Upon a review of the case file, counsel's motions, briefs and arguments, the Court finds, Defendant's motion for a new trial is OVERRULED; Defendant's motion for a stay is OVERRULED; Defendant's motion to vacate judgment or in the alternative for relief from judgment are OVERRULED without hearing."

{¶ 15} On January 19, 2016, Jenkins filed a "Motion for Show Cause Hearing," asserting that NLBE was in contempt of court for failing to implement the trial court's order. NLBE opposed the motion on February 2, 2016.

{¶ 16} On February 4, 2016, NLBE filed a Notice of Appeal of the trial court's decisions of October 26, 2015 and January 6, 2016.

{¶ 17} On February 12, 2016, the trial court issued an Entry that provides:

* * *

On February 12, 2016, the parties appeared before the Court for the show cause hearing. Plaintiff was present with counsel and the defendant was represented by counsel. Counsel for plaintiff stated that this Court's Order has not been carried out by defendant either in whole or in part. Defendant, by and through counsel, argued that they have appealed this Court's October 27, 2015 Order with the Second District Court of Appeals and that, along with that appeal, they have filed a motion with that Court to stay this Court's Order. The Second District has not yet ruled on either the appeal or the motion to stay.

This Court has the utmost respect for the Second District Court of Appeals, but that Court has neither stayed nor reversed this Court's October 27, 2015 Order. Unless or until the Second District takes such action, the Court's October 27, 2015 Order remains in full force an effect. Accordingly, this Court finds defendant in contempt for failing to comply with its October 27, 2015 Order.

Again, plaintiff shall be re-instated forthwith pursuant to this Court's

October 27, 015 Order. If plaintiff is not permitted to return to work on Tuesday February 16, 2016, defendant shall be fined $2,500.00. Said $2,500.00 shall be paid to the Clark County Clerk of Court no later than 4:30 P.M. on February 16, 2016. Defendant will be fined $2,500.00 for each subsequent day thereafter that it fails to comply with this Court's October 27, 2015 Order, including weekends and holidays, and those $2,500.00 fines shall be paid to the Clark County Clerk of Court no later than 4:30 P.M. on the respective dates upon which they are incurred with the exception of weekends and holidays whereby the fines shall be paid no later than 4:30 P.M. on the next business day.

{¶ 18} On February 18, 2016 "Defendant-Appellant's Motion to Stay Judgment" was filed. The motion provides that pursuant to Civ.R. 62(C), NLBE, as a political subdivision, is not required to post a supersedeas bond.

{¶ 19} On September 8, 2016, this Court determined that the trial court's October 26, 2015 Entry is not a final appealable order because it lacked the requisite specificity as to damages, and that the January 6, 2016 Entry overruling the post-trial motions is also not final. This Court dismissed NLBE's appeal and lifted this Court's February 22, 2016 stay of enforcement.

{¶ 20} On September 14, 2016, "Defendant's Motion for New Trial or in the alternative to Vacate or for Relief from Judgment with Motion to Stay Judgment" was filed. NLBE asserted that Jenkins' complaint was not filed in accordance with the provisions of Ohio Revised Code Chapters 2505 or 2506 and the trial court's local rules.

{¶ 21} On September 19, 2016, the trial court issued an Entry that provides:

Pursuant to the directive of the Second District Court of Appeals, the February 12, 2016 contempt Entry is VACATED.

A show cause hearing is hereby set for the 30th day of September, 2016 at 10:30 a.m.

**{¶ 22}** On September 28, 2016, "Defendant's Motion for Relief from Show Cause Order Entry" was filed. NLBE asserted that "no contempt charge has been filed in this case as required by R.C. 2705.03 in order for the Court to conduct a show cause hearing."

**{¶ 23}** On September 30, 2016, the trial court issued an Entry overruling NLBE's motions of September 14, 2016 and set the matter for a damages hearing on October 28, 2016. The Entry provides that "[u]pon the Court making a determination of the amount and back pay and benefits lost by plaintiff resulting from her wrongful termination and incorporating that amount by reference into its October 27, 2015 Order, said Order shall then become a final and appealable one."

**{¶ 24}** On October 28, 2016, "Plaintiff's Lost Wage Summary" was filed, reflecting a "total lost wages claim" of $57,001.33. After the damages hearing, the trial court issued its November 3, 2016 Order that notes that Jenkins' "rate upon re-instatement would be twenty-two dollars and nine cents," and that the court "accepts the stipulations of the parties and accordingly finds that, to date, the Plaintiff's damages amount to fifty-eight thousand and thirty-five cents." The court ordered judgment in that amount against NLBE and ordered that Jenkins "shall be immediately reinstated."

**{¶ 25}** NLBE filed a motion to stay judgment on November 7, 2016, which Jenkins opposed and the trial court overruled.

**{¶ 26}** On November 21, 2016, NLBE filed a motion to stay in this Court, to which

Jenkins did not respond. This Court granted the motion to stay on December 12, 2016.

{¶ 27} NLBE asserts three assignments of error herein as follows:

THE TRIAL COURT ERRED BY EXERCISING JURISDICTION OVER AN ADMINISTRATIVE APPEAL OUTSIDE OF THE TIME PROVIDED BY LAW,

And,

THE TRIAL COURT ERRED BY APPLYING THE INCORRECT LEGAL STANDARD TO AN ADMINSTRATIVE APPEAL,

And,

THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-JUDGMENT MOTION FOR NEW TRIAL, TO VACATE JUDGMENT, AND FOR RELIEF FROM JUDGMENT.

{¶ 28} Regarding its first assignment of error, NLBE asserts that Jenkins' complaint was untimely filed pursuant to R.C. 3319.081, and that the trial court accordingly "lacked subject matter jurisdiction to hear the complaint." NLBE argues that the complaint was subject to dismissal under Civ.R. 12(H) for lack of subject matter jurisdiction. NLBE argues that Jenkins failed to perfect her appeal pursuant to R.C. Chapters 2505 and 2506. NLBE further argues that "it is well-recognized that parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking."

{¶ 29} Jenkins responds in part as follows:

Appellee respectfully submits that this case represents competing views between the litigants as to the nature of the action. Appellant

believes this action is an administrative appeal. Appellee asserts that Appellant is mistaken in this view as, since she is a public employee, her action is properly viewed as deriving from Chapter 4117 of the Ohio Revised Code.

{¶ 30} Jenkins asserts that jurisdiction "in this case is conferred upon the trial court pursuant to R.C. 4117.09(B)(1)." She asserts as follows:

Ultimately, a Level Three grievance was heard by the Superintendent on May 11, 2015. Superintendent Kramer issued his decision denying the grievance on May 12, 2015. The CBA provides at this junction, at Article (III)(D)(5) – Grievance Procedure, that the grievance may be advanced to Mediation. * * * The grievance procedure also specifically provides the grievant with the option to proceed to "a competent court of law" at Level Four and Five. Appellee avers that review by the Board or the use of a mediator would have been futile. The Appellee elected to not proceed to mediation and proceeded directly to Clark County Common Pleas Court. * * * There is no specific time frame set forth within the grievance procedure as to when the action must be brought in the Court of Common Pleas. However, as previously noted, the complaint was filed seven (7) days after the superintendent's decision to deny the grievance and uphold the termination.

{¶ 31} Regarding NLBE's assertion that Jenkins failed to perfect her appeal by filing a Notice of Appeal, she "avers that the procedures in R.C. 2505 and 2506 are inapplicable here as this is an appeal provided for by R.C. 4117.09(B)(1). In any event,

Appellee did 'perfect her appeal' as provided in R.C. 2505. * * * The docket of proceedings in this case reflects that service was perfected on the Board on May 27, 2015. Therefore, the appeal was perfected." According to Jenkins, "[b]etween the parties to the CBA in this case, the grievance procedure itself places the board on notice, as it contemplates the final step of any grievance being before a court of competent jurisdiction. * * * This provision clearly waives the required notice under Section 2505.04." Jenkins argues that NLBE's "third argument that the parties cannot stipulate to granting a court jurisdiction is also without merit." She asserts that "[a]bsent the provision of R.C. 4117, the Appellee would have the right to bring an administrative appeal under R.C. 3319.081. Given that the CBA grievance procedure does not culminate in binding arbitration, it is entirely probable that the Appellee could have filed the grievance and also pursued an available remedy prior to the exhaustion of the grievance procedure." Jenkins asserts that she "pursued the grievance procedure to the point of futility and then sought judicial review."

{¶ 32} NLBE replies that Jenkins "did not in fact plead breach of contract as a claim against Appellant in this case. Instead, Appellee stated one cause of action against Appellant, that being an appeal of her termination pursuant" to the CBA and R.C. 3319.081. R.C. "Chapter 4117 is not mentioned anywhere in Appellee's Complaint so as to put Appellant on notice of a purported action under R.C. §4117.09(B)(1)." NLBE notes that Jenkins only attached "Article VII, Employment Practices," to her complaint, and not "Article III, Grievance Procedure," which Jenkins argues for the first time on appeal is the proper basis for the trial court's jurisdiction. NLBE further notes that "[n]othing in Article VII references an independent cause of action under Ohio Revised Code Section 4117." NLBE asserts that "Chapter 4117 does not provide an individual

with the right to bring a cause of action." NLBE argues that Jenkins' "claim is completely dependent upon and inextricably linked to the collective bargaining agreement and therefore jurisdiction was not proper in this case." NLBE argues that "the concepts of just cause and progressive discipline do not exist with respect to Appellee's employment with Appellant but for * * * the existence of the collective bargaining agreement. Nothing in R.C. 3319.081 which governs the employment contracts for nonteaching employees in public schools, speaks to just cause or progressive discipline." According to NLBE, Jenkins' "complete reliance upon this line of argument being the proper legal standard of review of [her] claims further emphasizes that jurisdiction was not proper in this case, and this case should have been taken to the State Employment Relations Board." NLBE argues that only the association may appeal grievances to court, and that Jenkins' administrative remedies were not exhausted since the association "chose not to pursue the grievance beyond Level Three."

{¶ 33} Finally, NLBE directs our attention to *Gallant v. Toledo Public Schools*, 84 Ohio App.3d 378, 616 N.E.2d 1156 (6th Dist.1992) (holding that a teacher who initially brought a claim of age discrimination before the Ohio Civil Rights Commission could not subsequently bring an independent age discrimination action in common pleas court after the Commission dismissed her claim for lack of probable cause, noting that if a "claimant first chooses administrative action, she should also be prevented from later switching to a lawsuit which had been available to her but which was bypassed at the outset."). NLBE asserts that Jenkins should be prohibited from filing her lawsuit after initiating the grievance process.

{¶ 34} "As a general rule, we review decisions on subject-matter jurisdiction de

novo. * * *." *Leist v. Mad River Township Board of Trustees*, 2d Dist. Clark No. 2014-CA-133, 2015-Ohio-1046, ¶ 13.

{¶ 35} Jenkins asserts in her brief that her appeal was perfected on May 27, 2015. We initially note that her reliance upon R.C. 4117.09(B)(1), raised for the first time on appeal, is misplaced. R.C. Chapter 4117 "established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Franklin County Law Enforcement Assoc. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167,169, 572 N.E.2d 78 (1991). R.C. 4117.09, upon which Jenkins specifically relies, provides:

(A) The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.

(B) The agreement shall contain a provision that:

(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. * * * A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business.

{¶ 36} The CBA herein expressly provides for a post-termination appeals process in the Clark County Court of Common Pleas. R.C. 2505.03(A) governs the appeal of final orders and provides: "Every final order, judgment, or decree of a court and, when

provided by law, the final order of any administrative * * *  board * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." R.C. 2505.03(B) provides that "such an appeal is governed by this chapter * * *."

{¶ 37} R.C. 3319.081 governs contracts for nonteaching public school employees and provided the authority for Jenkins to appeal her termination to the trial court.  It provides in part:

> * * *

> (C) The contracts as provided for in this section may be terminated by a majority vote of the board of education.   * * * The action of the board of education terminating the contract of an employee or suspending or demoting the employee shall be served upon the employee by certified mail. *Within ten days following the receipt of such notice by the employee, the employee may file an appeal*, in writing, with the court of common pleas of the county in which such school board is situated.   After hearing the appeal the common pleas court may affirm, disaffirm, or modify the action of the school board. (Emphasis added.)

{¶ 38} R.C. 2505.07(A) sets forth a longer time frame for appeal, providing: "After the entry of a final order of an administrative agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, *unless otherwise provided by law*, is thirty days." (Emphasis added.)

{¶ 39} R.C. 2505.04 governs the perfection of an appeal and provides:

> An appeal is perfected when a written notice of appeal is filed, * * *

in the case of an administrative related appeal, with the administrative officer, agency, [or] board * * *. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

{¶ 40} " ' The filing of a notice of appeal under R.C. 2505.04 is essential to vest the common pleas court with jurisdiction over an administrative appeal.' * * *." *NVR, Inc. v. City of* Centerville, 71 N.E.3d 745, ¶ 13 (2d Dist.); 2016-Ohio-6960, *Kettering Board of Education v. Gollnitz*, 2d Dist. Montgomery No. 6376, 1980 WL 352491 (March 6, 1980) (affirming dismissal for want of jurisdiction for failing to timely perfect an appeal pursuant to R.C. 2505.04).

{¶ 41} In *Leist,* at issue was the timeliness of an appeal filed pursuant to R.C. 505.38(A), which provides that in the case of the removal of the fire chief or a member of the fire department, an appeal to the court of common pleas "shall be taken within ten days." *Leist*, ¶ 16. This Court noted that in *Maschmann v. Bd. of Trustees of Concord Twp.*, 5th Dist. Delaware No. 95CAH04023, 1995 WL 829665 (Nov. 16, 1995), the Fifth District "considered the interplay" between R.C. 505.38(A) and R.C. 2505.07(A). *Id.* This Court noted that the Fifth District "concluded that the ten-day time limit in R.C. 505.38(A) falls within the meaning of appeal time that is ' "otherwise provided by law" ' under R.C. 2505.07(A). * * * The court thus held that '[g]iven the clear language of R.C. 2505.07 and 505.38(A), the proper time for filing the appeal was ten days from the "findings of the board." ' Consequently, a 10-day filing time would apply to the case before us." *Id.* This Court further noted that " '[i]t is well-settled that * * * the failure to properly perfect an appeal may not be waived.' *Roseman v. Village of Reminderville,* 14

Ohio App.3d 124, 126, 470 N.E.2d 224 (9th Dist. 1984), citing *Richards v. Indus. Comm.*, 163 Ohio St. 439, 127 N.E.2d 402 (1955). * * *." *Leist*, ¶ 17.

**{¶ 42}** The "purpose of R.C. 2505.04 is to give timely notice of the appeal to the administrative agency." *Welsh Development Co., Inc. v. Warren County Regional Planning Commission*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 41. In *Leist*, this Court noted that in *Welsh*, "the Supreme Court of Ohio recently clarified that '[a]n administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07.' " *Leist*, ¶ 19, quoting *Welsh*, syllabus. We note that pursuant to R.C. 2505.08, the filing of the notice of appeal is the triggering mechanism whereby the administrative body is then required to prepare and file the administrative record in the trial court, which did not occur herein.

**{¶ 43}** Consistent with the analysis in *Leist*, we conclude that Jenkins could have perfected her appeal by filing a notice of appeal with NLBE within ten days of her receipt of notice of NLBE's February 19, 2015 decision to terminate her employment, or by filing a notice of appeal in the trial court if the clerk then served NLBE within the ten-day limit. Since Jenkins failed to properly invoke the trial court's jurisdiction, NLBE's first assigned error is sustained. The November 3, 2016 judgment of the trial court is void for lack of jurisdiction and accordingly vacated. Analysis of NLBE's second assignment of error is rendered moot. Regarding NLBE's third assignment of error, as noted above in footnote one, our analysis is confined to the November 3, 2016 judgment.

. . . . . . . . . . . . .

FROELICH, J. concurs.

TUCKER, J., concurring:

{¶ 44} I agree with Judge Donovan's well reasoned opinion. I write separately to comment upon Jenkins' contention, raised for the first time on appeal, that her May 19, 2015 complaint is the culmination of the CBA's grievance procedure, and, as such, it was properly and timely filed under R.C. 4117.09(B)(1). This contention, without reference to any exhaustion issue, fails because the CBA's grievance procedure states that the Association has the right to pursue a grievance not resolved by mediation or after board review to an appropriate Ohio court.

{¶ 45} The CBA does not give a member of the Association the right to pursue such a course. The CBA, instead and without reference to the grievance procedure, provides, at Article VII(F)(5), that a terminated employee may appeal the termination to the Clark County Common Pleas Court. Such an appeal is governed by R.C. 3319.081 and R.C. Chapter 2506, leading to the conclusion that Jenkins, under R.C. 3319.081, had ten days after the Board's February 19, 2015 termination decision to file an appeal to the common pleas court. Such an appeal, of course, was not filed within ten days, leaving the trial court without jurisdiction to consider Jenkins' complaint.

{¶ 46} Jenkins' argument is analogous to a terminated union represented employee filing a petition under R.C. 2711.10 to vacate an unfavorable arbitration award. Such an employee is without standing to pursue such a course unless the "collective bargaining agreement expressly gives the employee an independent right to submit disputes to arbitration." *Leon v. Boardman Township*, 100 Ohio St. 3d 335, 2003-Ohio-6466, 800 N.E. 2d 12, ¶ 18. Jenkins' argument may have had merit if the CBA provided

an employee with an independent right to pursue an unresolved grievance to a judicial resolution. This, however, is not the case, resulting in the conclusion that Jenkins' complaint is not sanctioned by R.C. 4117.09(B)(1).

Copies mailed to:

James W. Skogstrom
Brian Brennaman
Lisa M. Burleson
Hon. Douglas M. Rastatter