DECISION AND JUDGMENT ENTRY
This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas in an employment discrimination suit. Because we conclude that the complaining employee failed to sustain his burden to present facts creating a triable issue, we affirm.
Appellant, Tom Bourquin, was hired by appellee, KeyBank, N.A. in 1990.[1] Appellant is white and when hired weighed four hundred pounds. During his employment with appellee bank, appellant gained weight and developed a medical condition known as cellulitis.
In November 1996, appellant received two written reprimands for poor work performance. With the second of these, appellee bank imposed a six month probationary period. Only a few days after the imposition of probation, appellant was suspended for three days when he allegedly attempted to take bank property home.
On November 26, 1996, appellant filed complaints with the United States Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission, alleging that appellee bank discriminated against him because of his race and/or disability. Appellant asserted that he was subject to scrutiny not exercised on others and this resulted in a hostile work environment for him. In April 1997, appellant added a retaliation charge.
The EEOC issued a "right to sue" letter in October 1997. Appellant brought suit on January 18, 1998. The suit was voluntarily dismissed on January 14, 1999, and refiled the following day.
Appellant's complaint set forth six counts: federal and state claims for race discrimination, including hostile work environment, federal and state claims for disability discrimination, including hostile work environment, and federal and state retaliation claims.
On January 19, 1999, appellees moved for summary judgment. On June 22, 1999, the trial court granted summary judgment, concluding that the federal claims were time barred and the state claims failed because appellant had previously elected an administrative remedy. Appellant did not contest the trial court's ruling on the federal claims, but appealed dismissal of the state claims to this court. We reversed, holding that a claimant is only forced to elect remedies under R.C. Chapter 4112 for age discrimination claims. Bourquin v. KeyBank, N.A. (2000),138 Ohio App.3d 435, 438.
On remand, appellees again moved for summary judgment on the remaining state claims. Appellees pointed out that appellant failed to show any causal connection between his race or disability and his work treatment, failed to put forth a single instance in which any coworker belittled him because of his obesity or cellulitis, and failed to rebut appellees' asserted nondiscriminatory basis for disciplining him. Moreover, appellees argued that appellant's reverse discrimination claim failed because the overwhelming majority of his coworkers are, like him, white.
Appellant responded, citing his own deposition testimony. Appellant maintained that in 1996, when he returned to work from disability leave, he was watched more closely than his black coworkers, he was disciplined when African-American coworkers were not and the discipline he did receive was pretextual. The real reason for this hostile work environment, according to appellant, was reverse race discrimination or his disability.
In a lengthy decision and judgment entry, the trial court analyzed each of appellant's claims and concluded that appellant failed to present evidence sufficient to give rise to a triable issue. Consequently, the court granted appellees summary judgment on all remaining counts.
From this judgment, appellant now brings this appeal. Appellant sets forth the following three assignments of error:
 "A. The court erred prejudicially when it held that Appellant had not supported his claim of reverse race discrimination, and when it therefore granted Appellee's motion for summary judgment on this claim.
 "B. The court erred prejudicially when it held that Appellant could not demonstrate that an adverse employment action had been taken against him due to his disabilities, and when it therefore granted Appellee's motion for summary judgment on this claim.
 "C. The court erred prejudicially when it held that Appellant failed to demonstrate that the alleged harassment was sufficiently severe or pervasive to create an abusive working environment, and when it therefore granted Appellee's motion for summary judgment on this claim."
Appellate review of a summary judgment is de novo. Appellate courts apply the same standard as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79.
There is little dispute that appellees in their motion for summary judgment specifically delineated the basis for the motion and pointed out the areas in which they believed there is no factual issue. Appellant's response was to point to his own deposition testimony to refute appellees' version of events. On appeal, appellant, in his reply brief, exhorts us to "* * * read his deposition testimony, all of it * * *," to find the factual dispute that precludes summary judgment.
However, although it is clear that appellant's deposition testimony was taken and the liberal reference to it from all sides suggests that all parties had a copy of it, the deposition was never filed with the court. Appellant's deposition is neither included in the record, nor is entered on the trial court's docket.
Civ.R. 56(C) requires that, in order to be considered, a deposition must be "* * * timely filed in the action * * *." Appellant's deposition was not filed before the motion became decisional, or at all. Since appellant relies wholly on this deposition to create a question of material fact, he has, therefore, failed to meet his burden under Civ.R. 56(E). Accordingly, all of appellant's assignments of error are not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Other appellees are former KeyBank employees Jack A. Null, Nancy Terry, and Gary A. Tichenor. Appellees have filed a combined brief.